Crystal POSEY, Individually and as Natural Tutrix on behalf of her minor Children, BP, et al.

v.

The STANDARD INSURANCE COMPANY.

Civil Action No. 08–0315.

United States District Court, W.D. Louisiana, Shreveport Division.

Aug. 26, 2008.

David A. Szwak, Bodenheimer Jones & Szwak, Shreveport, LA, for Plaintiffs.

Jennifer M. Lawrence, Virginia N. Roddy, Preaus Roddy & Associates, New Orleans, LA, for Defendant.

## MEMORANDUM ORDER

TOM STAGG, District Judge.

Before the court is a motion to remand filed by the plaintiffs, Crystal Posey, individually and as natural tutrix on behalf of her minor children, Brooklyn Posey, Bethany Posey and Bailey Posey ("the plaintiffs"). *See* Record Document 7. Based on the following, the plaintiffs' motion to remand is **DENIED**.

### I. BACKGROUND

Crystal Posey's husband, Jeremy Posey ("Mr. Posey"), died in an automobile accident while employed by Chesapeake Energy. The plaintiffs allege that when Mr. Posey began working for Chesapeake, he "completed all necessary documentation to obtain life insurance through [The Standard Insurance Company], as part of company benefits offered by Chesapeake." Record Document 1 at ¶ 9.

The Standard Insurance Company ("Standard") removed the suit to federal court based on federal question jurisdiction, contending that the matter involves a claim for benefits under an employee welfare benefit plan which was established pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* The plaintiffs then filed the instant motion to remand, arguing that their claims are not completely preempted by ERISA.

### II. LAW AND ANALYSTS

#### A. ERISA Preemption.

 There are two kinds of preemption—complete and conflict—that may be effected by ERISA. Removal of a state court action is permitted only when the plaintiff's claim is subject to *complete* preemption, which occurs only when the claim falls within the scope of Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). That statute provides that a civil action may be brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). Mere ordinary preemption, effected by section 1144(a), provides a defense to a state court action but does not make the case removable. Section 1144(a) provides that ERISA "supercede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."

#### B. Application Of ERISA To The Plaintiffs' Claims.

 The plaintiffs contend that their claim is not one falling under ERISA as ERISA was mentioned nowhere in their complaint and that the plaintiffs' "breach of insurance contract claims, under basic contract law of Louisiana, do not fit within the ERISA scheme, fall outside of any area completely preempted by ERISA, and are not removable to this Honorable Court." Record Document 7 at 8. Plaintiffs further argue that the "subject insurance is not a 'plan' and other ERISA tests do not permit application of ERISA to this policy." *Id.* Standard, however, responds that the plaintiffs' suit is "necessarily federal in character," citing *Metropolitan Life Insurance Company v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), as it is a suit for benefits under an employer sponsored plan funded by the purchase of insurance. Record Document 14 at 3.

As previously mentioned, ERISA addresses a claim by a participant or beneficiary "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). A beneficiary is a "person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). ERISA defines an employee welfare benefit plan as follows:

... any plan, fund or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) ... disability ... benefits ...

29 U.S.C. § 1002(1).

Chesapeake submitted an application for group life insurance to Standard. *See* Record Document 14, Exs. A and A–1. The "[i]nsurance [c]overage [r]equested" on the application included "[l]ife [o]nly," "[d]ependant [l]ife," and "[a]dditional [l]ife." *Id.* The "[i]nitial [d]eposit" for said coverages was $45,300.00. Standard issued policies to Chesapeake as a policyholder and the policies fully funded life insurance benefits under the Chesapeake insured benefits plan. *See id.,* Exs. A and A–3. Additionally, Chesapeake is both the plan sponsor and the plan administrator. *See id.,* A–3 at 5. Furthermore, certificates and summary plan descriptions, as well as the policies, clearly show that an employer-sponsored plan existed, that the intended benefits were life benefits, that the intended class of beneficiaries was the eligible employees of Chesapeake, that the source of financing was contributions made by the employer (for the non-contributory or "basic" coverage) and employees (for the contributory or "supplemen-

tal" coverage), and that the procedures for submitting claims are included in the plan documents. *See id.,* Exs. A, A–1 and A–3. Standard has thus illustrated that the plan at issue is clearly governed by ERISA and meets any of the tests used by the Fifth Circuit to determine if a plan is governed by ERISA. *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.,* 904 F.2d 236 (5th Cir.1990).

Section 502(a) of ERISA completely preempts claims brought by a participant or beneficiary under an ERISA plan. All of these requirements have been satisfied. Therefore, after a thorough review of the motion and opposition thereto, the court finds that the plaintiffs' claims are completely preempted by ERISA. Accordingly, the plaintiffs' motion to remand is hereby **DENIED.**